Slip Op. 18-165

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
| --- | --- |
| **UNITED STATES,** | |
| **Plaintiff,** | **Before: Jennifer Choe-Groves, Judge** |
| **v.** | |
| **GREENLIGHT ORGANIC, INC.,** | **Court No. 17-00031** |
| **Defendant.** | |

## OPINION AND ORDER

[Denying Defendant's motion for summary judgment.]

Dated: November 29, 2018

William G. Kanellis and Kelly A. Krystyniak, Attorneys, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Plaintiff United States. With them on the brief were Chad A. Readler, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director.

Peter S. Herrick, Peter S. Herrick, P.A., of St. Petersburg, FL, Joshua A. Levy, Kennedys CMK, LLP, of Miami, FL, and Frances P. Hadfield, Crowell & Moring, LLP, of New York, N.Y., for Defendant Greenlight Organic, Inc.

Choe-Groves, Judge: This action comes before the court under 19 U.S.C. § 1592 (2012) for fraud in the course of importing merchandise into the commerce of the United States. Before the court is a motion for summary judgment brought by Defendant Greenlight Organic, Inc. ("Greenlight") against Plaintiff United States ("Government"). See Def.'s Mot. Summ. J., July 9, 2018, ECF No. 89; see also Mem. L. Supp. Def.'s Mot. Summ. J., July 9, 2018, ECF No. 89 ("Def.'s Mem."). Greenlight asserts that the Government's action is time-barred by the five-year statute of limitations set forth in 19 U.S.C. § 1621 because the Government became aware of

Greenlight's fraudulent activities in 2011, more than five years before filing the summons and complaint in this case. See Def.'s Mem. 1. Plaintiff has filed a response in opposition to Defendant's motion. See The United States' Opp'n Def.'s Mot. Summ. J., Aug. 20, 2018, ECF No. 93. The Government contends that the statute of limitations began to run in February 2012 when the Government first obtained double-invoicing records from Greenlight. See id. at 1–2. For the following reasons, the court concludes that there are insufficient undisputed facts for the court to determine when the Government first discovered Greenlight's fraudulent activities for the purposes of 19 U.S.C. § 1621 at this stage of the proceedings. Greenlight's Motion for Summary Judgment is denied, and this issue is reserved for trial.

## UNDISPUTED FACTS

The following facts are not in dispute. The United States initiated this action on behalf of U.S. Customs and Border Protection ("Customs"). See The United States' Rule 56.3 Statement of Issues of Material Fact 1, Aug. 20, 2018, ECF No. 93 ("Pl.'s Facts"); Def.'s Resp. to the United States' Rule 56.3 Statement of Issues of Material Fact 1, Sept. 4, 2018, ECF No. 95 ("Def.'s Facts Resp."). Defendant Greenlight imports products including athletic apparel and is owned by Parambir "Sonny" Aulakh. See Pl.'s Facts 1; Def.'s Facts Resp. 1–2.

The Government filed a civil complaint against Greenlight on February 8, 2017. See Pl.'s Facts 11; Def.'s Facts Resp. 20. The complaint sought the following relief: (1) the amount of "approximately $238,516.57 in unpaid duties and fees, pursuant to 19 U.S.C. § 1592(d), plus interest," and (2) "a penalty for fraud, pursuant to 19 U.S.C. § 1592(c)(1) in the amount of approximately $3,232,032, stemming from Greenlight's violations of 19 U.S.C. § 1592(a) relating to approximately 122 entries of wearing apparel." See Pl.'s Facts 11; Def.'s Facts Resp.

20.  Greenlight denied liability under 19 U.S.C. § 1592 in its Answer.  See Pl.'s Facts 12; Def.'s

Facts Resp. 21.  Greenlight pled further that the Government's action for fraud in this case was

time-barred because the statute of limitations expired before the Government filed the action.

See Pl.'s Facts 12; Def.'s Facts Resp. 22.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction over the underlying action pursuant to 28 U.S.C. § 1582.  The

court will grant summary judgment if the movant shows that there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law.  USCIT R. 56(a).  To

raise a genuine issue of material fact, a party cannot rest upon mere allegations or denials and

must point to sufficient supporting evidence for the claimed factual dispute to require resolution

of the differing version of the truth at trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

248–49 (1986); Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd., 731 F.2d 831, 835–

36 (Fed. Cir. 1984).

## ANALYSIS

The Government filed its Complaint in this matter on February 8, 2017 alleging

fraudulent misclassification and undervaluation.  In pertinent part, 19 U.S.C. § 1592(a)(1) states:

> Without regard to whether the United States is or may be deprived of all or a portion
> of any lawful duty thereby, no person, by fraud, gross negligence, or negligence--
>
> > (A) may enter, introduce, or attempt to enter or introduce any merchandise into
> > the commerce of the United States by means of--
> >
> > > (i)  any document, written or oral statement, or act which is material and
> > > false, or
> > >
> > > (ii) any omission which is material.

19 U.S.C. § 1592(a)(1).  To prove a fraudulent violation of the statute, Plaintiff must establish,

by clear and convincing evidence, that Greenlight (1) deliberately introduced merchandise into the commerce of the United States by means of material false statements, acts or omissions; and (2) intended to defraud the revenue or otherwise violate the laws of the United States.  See 19 U.S.C. § 1592(a)(1), (e)(2); United States v. Inn Foods, Inc., 31 CIT 1474, 1484, 515 F. Supp. 2d 1347, 1357 (2007).

A statute of limitations imposes a time limit for suing in a civil case, which is based on the date when the claim accrued.  CTS Corp. v. Waldburger, 134 S. Ct. 2175, 2182 (2014).  A statute of limitations requires a plaintiff to pursue diligent prosecution of known claims and promotes justice by preventing surprises through plaintiff's "revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared."  Id. at 2183 (citing R.R. Telegraphers v. Ry. Express Agency, Inc., 321 U.S. 342, 348–49 (1944)).

In actions alleging fraud under 19 U.S.C. § 1592, the statute sets forth a five-year statute of limitations for initiating a case before the Court:

> No suit or action to recover any duty under section 1592(d) . . . of this title . . . shall be instituted unless such suit or action is commenced within five years after the time when the alleged offense was discovered . . . except that--
>
> (1) in the case of an alleged violation of section 1592 . . . of this title, no suit or action (including a suit or action for restoration of lawful duties under subsection (d) of such sections) may be instituted unless commenced within 5 years after the date of the alleged violation or, *if such violation arises out of fraud, within 5 years after the date of discovery of fraud.*

19 U.S.C. § 1621 (emphasis added).  The language "within 5 years after the date of discovery of fraud" invokes the discovery rule, which tolls the statute of limitations period until the date when the plaintiff first learns of the fraud.  United States v. Spanish Foods, Inc., 24 CIT 1052,

1056, 118 F. Supp. 2d 1293, 1297 (2000) (citing United States v. Ziegler Bolt & Parts Co., 19 CIT 13, 17 (1995); United States v. Modes Inc., 16 CIT 879, 887, 804 F. Supp. 360, 368 (1992)).  Determining when a statute of limitations begins to run is a fact-specific inquiry. Spanish Foods, 24 CIT at 1056, 118 F. Supp. 2d at 1297–98.  The question of when a plaintiff discovered fraud is not one that often lends itself to resolution by way of summary judgment.

Here, genuine issues of material fact exist as to when the Government first discovered the fraudulent misclassification and undervaluation.  The record on summary judgment does not provide the court with enough information to assess when the Government first had knowledge of Greenlight's fraudulent activities.  For example, the record does not demonstrate clearly whether the Government had knowledge of Greenlight's intent to defraud the revenue or otherwise violate the laws of the United States when the Government discovered Greenlight's misclassification of its entries in 2011.  More facts are needed to ascertain when the Government first had knowledge of Greenlight's fraudulent misclassification and undervaluation activities, including when the Government began to suspect a potential double-invoicing scheme and when the Government had knowledge of an intent to defraud with respect to the misclassification of entries.  Because more facts are necessary to determine when the Government gained knowledge of the specific causes of action alleged against Greenlight, the court is unable to determine on summary judgment whether Plaintiff initiated this case outside of the statute of limitations period permitted in 19 U.S.C. § 1621.  The court denies Defendant's Motion for Summary Judgment.  The Parties may present evidence on this issue at trial.

**CONCLUSION**

Accordingly, upon consideration of Defendant's Motion for Summary Judgment, and all

other papers and proceedings in this action, it is hereby

     **ORDERED** that Defendant's motion is denied.


                                             /s/ Jennifer Choe-Groves
                                            Jennifer Choe-Groves, Judge

Dated:  November 29, 2018
                New York, New York