**Slip Op. 20-100**

## UNITED STATES COURT OF INTERNATIONAL TRADE

<table>
<tr>
<td>

**UNITED STATES,**

      **Plaintiff,**

**v.**

**GREENLIGHT ORGANIC, INC., and PARAMBIR SINGH "SONNY" AULAKH,**

      **Defendants.**

</td>
<td>

**Before: Jennifer Choe-Groves, Judge**

**Court No. 17-00031**

</td>
</tr>
</table>

## OPINION

[Denying Defendant Aulakh's motion to dismiss.]

                    Dated: July 14, 2020

William Kanellis and Kelly Krystyniak, Trial Attorneys, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Plaintiff United States. With them on the brief were Joseph H. Hunt, Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director.

Angela M. Santos, Robert B. Silverman, and Joseph M. Spraragen, Grunfeld Desiderio Lebowitz Silverman & Klestadt LLP, of New York, N.Y., for Defendant Parambir Singh Aulakh.[1]

      Choe-Groves, Judge:  Plaintiff United States ("Plaintiff" or "Government") brings this 19 U.S.C. § 1592 civil enforcement action seeking to recover unpaid duties and to affix penalties, alleging that Greenlight Organic, Inc. ("Greenlight") and Parambir Singh "Sonny" Aulakh ("Aulakh" or "Defendant Aulakh") (together, "Defendants") imported wearing apparel into the United States fraudulently.  Second Am. Compl. ¶ 1, ECF No. 124.  Pending before the court is Defendant Aulakh's Motion to Dismiss Plaintiff's Second Amended Complaint under USCIT Rule 12(b)(6).  Def.'s Mot. to Dismiss & Mem. of Law in Supp. of Mot. to Dismiss

---

[1] Greenlight Organic, Inc. is not currently represented by counsel.

("Def. Br."), ECF No. 128.  Plaintiff opposed Aulakh's motion.  Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl. Opp'n"), ECF No. 129.  Aulakh replied.  Reply Mem. in Supp. of Def.'s Mot. to Dismiss Second Am. Compl. ("Def. Reply"), ECF No. 130.[2]  For the reasons set forth below, Aulakh's motion is denied.

## I.      BACKGROUND

The court presumes familiarity with the facts set forth in its prior opinion dismissing the First Amended Complaint with leave to amend and now recounts those facts relevant to the court's review of the Motion to Dismiss the Second Amended Complaint.  See United States v. Greenlight Organic, Inc., 43 CIT ___, 419 F. Supp. 3d 1298, 1301–02 (2019) ("Greenlight II").

In Greenlight II, Aulakh moved to dismiss the First Amended Complaint for failure to exhaust administrative remedies and for failure to state a claim.  Id. at 1303.  This court held that Plaintiff's fraudulent importation claim was administratively exhausted and that Plaintiff failed to plead the fraud allegations with sufficient particularity under USCIT Rule 9(b).  Id. at 1304–05.  The court dismissed the First Amended Complaint and granted Plaintiff leave to cure the pleading deficiencies discussed in the opinion.  Id. at 1306.  Plaintiff then filed the Second Amended Complaint.

In the Second Amended Complaint, Plaintiff includes new facts to support its allegations, including that "Greenlight, under the direction of Aulakh . . . knowingly made material false statements" as to the classification, valuation, and source fabrics of wearing apparel made "under cover of approximately 148 entries" of athletic wearing apparel into the United States.  Second

---

[2] Greenlight does not join in Aulakh's Motion to Dismiss the Second Amended Complaint and is not currently represented by counsel in this civil enforcement action.  Notwithstanding Greenlight's failure to retain counsel to answer or otherwise respond to the Second Amended Complaint, Aulakh urges the court to "dismiss or limit the case against Greenlight to the same degree that relief is afforded to Mr. Aulakh."  Def. Br. at i n.1.

Am. Compl. ¶ 6. As to the misclassification scheme, Plaintiff provides new facts identifying Monika Gill ("Gill") and Apramjeet "A.J." Singh ("Singh") as employees and agents of Greenlight who knew that 122 entries of athletic wearing apparel were comprised of knitted materials that are subject to higher duties, based on their role in selecting and sourcing the fabrics used to produce the subject entries of wearing apparel. Id. ¶ 8. Plaintiff avers further that Defendants, as well as Gill and Singh, conspired with Van Le, the owner of manufacturer One Step Ahead, to make material and false statements about the composition of the athletic wearing apparel. Id. ¶ 9. As to the undervaluation allegations, Plaintiff provides new facts to support its allegation of a double-invoicing scheme. Id. ¶¶ 12–15. Plaintiff avers that "Aulakh directed Greenlight to create and submit to [U.S. Customs and Border Protection] alternate invoices for the same purchases of wearing apparel from One Step Ahead." Id. ¶ 14. Plaintiff alleges that Aulakh created a double-invoicing scheme, in which payments for the entered merchandise were deposited into two separate bank accounts: monetary amounts matching amounts claimed in documents submitted to U.S. Customs and Border Protection ("Customs") were deposited into the account of manufacturer One Step Ahead, and separate additional payments were deposited into the personal account of Van Le, the owner of One Step Ahead. Id. ¶ 15, Ex. 2 (listing the date and amount of payments relating to entries for which Aulakh and Greenlight created two invoices).

## II.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

When pleading fraud, "the circumstances constituting fraud" must be stated "with particularity," but intent or knowledge may be alleged generally. USCIT R. 9(b); Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1326 (Fed. Cir. 2009). The plaintiff must inject factual precision or some measure of substantiation, i.e., pleading in detail "the who, what, when, where, and how of the alleged fraud." Exergen Corp., 575 F.3d at 1327 (citation omitted). Although intent and knowledge may be pled with generality, the pleading must contain "sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." Id.; see United States ex rel. Heath v. AT&T, Inc., 791 F.3d 112, 123–24 (D.C. Cir. 2015).

## III. DISCUSSION

Aulakh moves to dismiss the Second Amended Complaint under USCIT Rule 12(b)(6) based on three theories. First, Aulakh argues that Plaintiff's claims have not been exhausted because Customs failed to provide proper notice to Defendants of the entries at issue when conducting the underlying administrative penalty proceeding and thus failed to perfect the penalty claim. Def. Br. at 17–24. Second, Aulakh asserts that the five-year statute of limitations bars Plaintiff's claims as to all entries identified in the Second Amended Complaint. Id. at 25–31. Third, Aulakh argues that the Second Amended Complaint fails to plead the allegations of fraud with sufficient particularity per USCIT Rule 9(b). Id. at 7–16.

### A. Exhaustion of Administrative Remedies

Aulakh argues that Customs did not exhaust its administrative remedies because Customs never provided Defendants with an appraisement schedule and failed to provide Defendants with an opportunity to challenge the fraud allegations during the administrative proceedings. Id. at

17–24. Plaintiff counters that Aulakh's exhaustion argument "fails for the same reason it failed earlier: because it is predicated upon the false characterization that Aulakh was not supplied with the basis for [Customs'] penalty and loss-of-revenue calculation and was not provided an adequate administrative hearing." Pl. Opp'n at 19.

This court previously considered and rejected Defendant Aulakh's exhaustion argument, holding that Aulakh received notice that Customs intended to assert liability against him for penalties owed by Greenlight, and that Aulakh was given notice and a right to be heard throughout the underlying administrative proceedings. Greenlight II, 419 F. Supp. 3d at 1304. Defendant Aulakh presses the argument again here, based on his repeated claim that Defendants never received an adequate appraisement schedule of the subject merchandise from Customs. See Def. Br. at 23–24.

The court remains unconvinced. To perfect a penalty claim at the administrative level, Customs must issue pre-penalty and penalty notices containing certain information regarding the particulars of the fraud allegations. Greenlight II, 419 F. Supp. 3d at 1303. The court observes that the Second Amended Complaint contains sufficient facts to defeat the motion to dismiss based on a challenge to administrative exhaustion, because Plaintiff avers that Customs issued a pre-penalty notice of $3,232,032 pursuant to 19 U.S.C. § 1592 on or about April 15, 2014, alleging that Greenlight's violations were the result of fraud, and a subsequent penalty notice for $3,232,032 and duty demand for $217,968.22 pursuant to 19 U.S.C. § 1592 on or about May 16, 2014. Second Am. Compl. ¶¶ 23–28. These allegations are sufficient to state a claim for relief that is plausible on its face showing that Defendants received sufficient notice that Customs intended to assert liability and had the opportunity to be heard during the administrative proceedings, thus satisfying the administrative exhaustion requirement. The court denies,

therefore, the motion to dismiss the Second Amended Complaint on the basis of administrative exhaustion.

## B. Statute of Limitations

Aulakh argues that the five-year statute of limitations has expired, based on Aulakh's contention that Plaintiff appended new exhibits documenting the entries at issue for the first time in the Second Amended Complaint and thus Plaintiff failed to identify the entries and claim details when Plaintiff filed the original Complaint in February 2017.  Def. Br. at 25–27; Compl., ECF No. 2.  Plaintiff responds that the Government discovered Defendants' fraudulent scheme in February 2012, when Aulakh first produced to Customs records from Greenlight showing evidence of a double-invoicing scheme.  Pl. Opp'n at 22.  Plaintiff also notes that Defendants received the same list of entries at issue during the pre-penalty and penalty stage of the underlying administrative proceeding.  Id. at 21–22.

Civil penalty enforcement actions under Section 1592 must be initiated "within 5 years after the date of the alleged violation or, if such violation arises out of fraud, within 5 years after the date of discovery of fraud[.]"  19 U.S.C. § 1621(1).  Courts refer to the "date of discovery of fraud" language as the "discovery rule" and have applied that rule to toll the statute of limitations until the date the Government first learns of the fraud.  Greenlight Organic, Inc. v. United States, 42 CIT ___, 352 F. Supp. 3d 1312, 1315 (2018) (citing, among other cases, United States v. Spanish Foods, Inc., 24 CIT 1052, 1056, 118 F. Supp. 2d 1293, 1297 (2000)) ("Greenlight I").  The relevant inquiry for a fraud statute of limitations analysis focuses on when the Government first discovered the fraudulent activity.

In Greenlight I, the court addressed at summary judgment Greenlight's contention that the five-year statute of limitations barred the Government from continuing this civil enforcement action.  352 F. Supp. 3d at 1314–16.  The court denied Greenlight summary judgment,

concluding that there were genuine issues of material fact as to when and how the Government first learned of Defendants' alleged fraudulent conduct. Id. at 1315–16. The court noted the lack of undisputed material facts showing when the Government had knowledge of Greenlight's intent to commit fraud and when the Government discovered Greenlight's misclassification and undervaluation of its entries. Id. The court also found genuine disputes of material fact as to when the Government first learned of Defendants' alleged fraud and double-invoicing scheme. Id.

In contrast to the summary judgment context, the court reviews a motion to dismiss a complaint based on whether the complaint contains sufficient facts accepted as true to state a claim for relief that is plausible on its face. Iqbal, 556 U.S. at 678. Plaintiff alleges that Aulakh and Greenlight provided documents in February 2012 to the Government evidencing the double-invoicing scheme, which supports Plaintiff's contention that the Government first became aware of Defendants' fraudulent activities in February 2012 when Defendants provided these documents showing discrepancies in payments and invoicing. Second Am. Compl. ¶¶ 30–31.

The question before the court is whether the Second Amended Complaint should be dismissed based on an expiration of the five-year statute of limitations. Because the court observes that the Second Amended Complaint contains sufficient facts accepted as true to establish on its face that the Government discovered the fraudulent activity in February 2012, and the Complaint was filed within five years in February 2017, the court rejects Aulakh's statute of limitations argument. The court denies the motion to dismiss the Second Amended Complaint on the basis of the statute of limitations.

### C. Whether the Second Amended Complaint Pleads Fraud with Particularity

Aulakh argues that the Second Amended Complaint should be dismissed for failure to plead fraud with sufficient particularity. See Def. Br. at 4–17. Aulakh maintains that the

allegations lack the requisite particularity of a pleading under Rule 9(b) in that the Government still fails to indicate "how defendant directed the alleged fraudulent activity and continues to withhold entry information, and [loss-of-revenue] and domestic value calculations (i.e., appraisement schedules) for each entry for which a claim is being made." Def. Br. at 4; see id. at 5–16. The Government counters that the newly pled allegations in the Second Amended Complaint answer "the specific who, what, when, where, and how" of the fraudulent classification and valuation scheme. Pl. Opp'n at 15 (quoting Exergen Corp., 575 F.3d at 1328).

A Section 1592(a) claim must contain sufficient factual matter showing that a person entered, introduced, or attempted to enter or introduce merchandise into the commerce of the United States through making either a material and false statement, document, or act, or a material omission. 19 U.S.C. § 1592(a)(1)(A)(i)–(ii); United States v. Inn Foods, Inc., 560 F.3d 1338, 1343 (Fed. Cir. 2009). When pleading fraud, "the circumstances constituting fraud" must be stated "with particularity." USCIT R. 9(b); Exergen Corp., 575 F.3d at 1326. The plaintiff must inject factual precision or some measure of substantiation, i.e., pleading in detail "the who, what, when, where, and how of the alleged fraud." Exergen Corp., 575 F.3d at 1327 (citation omitted).

The Government's Second Amended Complaint satisfies USCIT Rule 9(b). The newly added facts in the Second Amended Complaint describe the particulars of the fraudulent importation scheme. For example, the Government (1) described how the double invoicing and payment scheme worked, as Defendants made separate payments to a vendor's business and personal accounts, Second Am. Compl. ¶ 15; (2) stated that Aulakh knew of the differential invoice values submitted to Customs, id., Ex. 2.; and (3) identified with whom Aulakh worked to commit the alleged fraud, id. ¶ 15. The Government also alleges new facts detailing Defendants' fraudulent misclassification and undervaluation activities. For example, Plaintiff alleges that

Aulakh and other Greenlight employees represented falsely that the entered merchandise was made from woven material, when they knew that the material was actually made of knitted material subject to higher tariff levels, id. ¶ 8; Aulakh and other Greenlight employees had an agreement with Van Le of One Step Ahead to mislabel the first-run polyester merchandise as recycled polyester, id. ¶ 9; Aulakh directed Greenlight to create double invoices for each entry, id. ¶¶ 12–15; and Aulakh directed Greenlight to make payments into two separate bank accounts to conceal the double invoicing scheme, id. ¶ 15.  The Government's Second Amended Complaint provides sufficient factual precision to satisfy "the who, what, when, where, and how" standard for particularity under Rule 9(b).  Exergen Corp., 575 F.3d at 1327.  The court therefore denies the motion to dismiss the Second Amended Complaint for failure to plead fraud with sufficient particularity.

## IV.   CONCLUSION

For the foregoing reasons, the court denies Defendant Aulakh's Motion to Dismiss the Second Amended Complaint.

/s/ Jennifer Choe-Groves
Jennifer Choe-Groves, Judge

Dated:     July 14, 2020
           New York, New York